UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANA BLAKELY,

        Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

No. 2:18-cv-00048 CKD

ORDER

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

      Plaintiff, born July 30, 1964, applied on December 12, 2013 for DIB, alleging disability beginning February 5, 2013. Administrative Transcript ("AT") 160, 356-357. Plaintiff alleged she was unable to work due to a fall at work, fractures in the spine, limited mobility, inability to lift more than 25 pounds, and inability to bend. AT 135, 165. In a decision dated May 25, 2016,

1

the ALJ determined that plaintiff was not disabled.[1]  AT 160-170.  The Appeals Council

remanded the case, directing the ALJ to evaluate the opinion of medical expert Dr. Lowell

Sparks, among other guidance.  See AT 17.  Following a second hearing, the ALJ issued a

decision on July 12, 2017 finding plaintiff not disabled.  AT 17-32.  The ALJ made the following

findings (citations to 20 C.F.R. omitted):

> 1.  The claimant meets the insured status requirements of the Social
> Security Act through September 30, 2019.
>
> 2.  The claimant has not engaged in substantial gainful activity since
> February 5, 2013, the alleged onset date.
>
> 3.  The claimant has the following severe impairments: cervical
> degenerative disc disease, lumbar degenerative disc disease,

---

[1]     Disability Insurance Benefits are paid to disabled persons who have contributed to the
Social Security program, 42 U.S.C. § 401 et seq.   Supplemental Security Income is paid to
disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in
part, as an "inability to engage in any substantial gainful activity" due to "a medically
determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).
A parallel five-step sequential evaluation governs eligibility for benefits under both programs.
See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S.
137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful
> activity?  If so, the claimant is found not disabled.  If not, proceed to
> step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If
> so, proceed to step three.  If not, then a finding of not disabled is
> appropriate.
>
> Step three:  Does the claimant's impairment or combination
> of impairments meet or equal an impairment listed in 20 C.F.R., Pt.
> 404, Subpt. P, App.1?  If so, the claimant is automatically determined
> disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past
> work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional
> capacity to perform any other work?  If so, the claimant is not
> disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation
process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the
burden if the sequential evaluation process proceeds to step five.  Id.

fibromyalgia, and bilateral hip degenerative joint disease.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work in that she can lift and carry, push and pull twenty pounds occasionally and ten pounds frequently, sit for six hours of an eight hour day, stand and walk for six hours of an eight hour day except she can frequently climb ramps and stairs, stoop, kneel, crouch, and crawl; she can occasionally climb ladders, ropes and scaffolds; she can balance without limitation.

6. The claimant is capable of performing past relevant work as a cosmetologist and customer service specialist. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from February 5, 2013 through the date of this decision.

AT 19-31.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: The ALJ erred in weighing the medical evidence to determine residual functional capacity ("RFC").

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one

3

1  rational interpretation." <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1038 (9th Cir. 2008).

2      The record as a whole must be considered, <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th

3  Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's

4  conclusion weighed.  <u>See</u> <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not

5  affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  <u>Id.</u>; <u>see</u>

6  <u>also</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the

7  administrative findings, or if there is conflicting evidence supporting a finding of either disability

8  or nondisability, the finding of the ALJ is conclusive, <u>see</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226,

9  1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

10  weighing the evidence.  <u>See</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

11  <u>ANALYSIS</u>

12      Plaintiff asserts that "the ALJ failed to provide any evidence to support the residual

13  functional capacity" of light work.  She argues that the ALJ improperly weighed multiple medical

14  opinions, as set forth below.

15      The weight given to medical opinions depends in part on whether they are proffered by

16  treating, examining, or non-examining professionals.  <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir.

17  1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a

18  greater opportunity to know and observe the patient as an individual.  <u>Id.</u>; <u>Smolen v. Chater</u>, 80

19  F.3d 1273, 1285 (9th Cir. 1996).

20      To evaluate whether an ALJ properly rejected a medical opinion, in addition to

21  considering its source, the court considers whether (1) contradictory opinions are in the record,

22  and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

23  treating or examining medical professional only for "clear and convincing" reasons.  <u>Lester</u>, 81

24  F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

25  rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  <u>Id.</u> at

26  830.  While a treating professional's opinion generally is accorded superior weight, if it is

27  contradicted by a supported examining professional's opinion (e.g., supported by different

28  independent clinical findings), the ALJ may resolve the conflict.  <u>Andrews v. Shalala</u> , 53 F.3d

4

1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)).  In

any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

findings.  <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory,

minimally supported opinion rejected); <u>see also</u> <u>Magallanes</u> , 881 F.2d at 751.  The opinion of a

non-examining professional, without other evidence, is insufficient to reject the opinion of a

treating or examining professional.  <u>Lester</u>, 81 F.3d at 831.

     The court first notes, by way of background, that on February 5, 2013, plaintiff was

pushed and fell while working at her job at a senior living facility.  She subsequently reported low

back pain.  AT 578.  This incident marks the alleged disability onset date.

     Plaintiff first contends that the ALJ improperly credited the opinions of non-examining

physicians Dr. L. DeSouza and Dr. D. Pong.  After reviewing plaintiff's medical records, Dr.

DeSouza opined in February 2014 that they showed full motor strength in all muscle groups,

normal reflexes, tenderness and decreased range of motion in the spine, but no muscle spasms and

no evidence of spinal fracture.  AT 139-140.  Dr. DeSouza concluded that plaintiff had a residual

functional capacity (RFC) for light work.  AT 140.  After plaintiff sought reconsideration of the

State agency's disability determination, Dr. Pong reviewed her records in April 2014 and agreed

with Dr. DeSouza's assessment of plaintiff's condition and RFC.  AT 152-153.  Discussing these

opinions, the ALJ wrote:

> The State Agency non-examining physician Dr. L. DeSouza opined
> in February 2014 the claimant can perform light exertional work
> where she can frequently climb ramps and stairs, stoop, kneel, crouch
> and crawl, occasionally climb ladders, ropes and scaffolds and
> balance without limitation.[2]  The State Agency non-examining
> physician Dr. D. Pong opined similarly in April 2014.[3]

AT 27.

     After summarizing two more medical opinions (by medical evaluator Dr. Michael Amster

and testifying medical expert Dr. Lowell Sparks), the ALJ wrote:

////

---

[2] <u>See</u> AT 141-142.
[3] <u>See</u> AT 152-153.

> Substantial weight is accorded these opinions, which support each other in finding that, despite the symptoms and limitations of the claimant's impairments, there is still significant capacity to engage in working tasks. They are supported by limited findings of abnormalities upon physical exam, the generally mild findings in the many x-rays, MRIs, and CT scans of multiple musculoskeletal system areas. These opinions are supported by the general improvement and good control of symptoms with conservative treatment, and the rather ordinary range of activities of daily living the claimant reported.

AT 28. While the ALJ thus credited the opinions of Dr. DeSouza, Dr. Pong, Dr. Sparks, and Dr. Amster overall, she went on to reject certain specific limitations prescribed by Dr. Sparks and Dr. Amster, which she found to lack evidentiary support. AT 28-29.

Plaintiff argues that, because Dr. DeSouza and Dr. Pong issued their findings in 2014, their opinions were based on limited evidence and should not have been credited by the ALJ. "They did not have the opportunity to review the examining opinion of Dr. Amster, further reports by Plaintiff's worker's comp physicians, or the updated x-rays, CT and MRIs performed after that date," plaintiff asserts. (ECF No. 19 at 9.) "This is particularly troubling in the case of Plaintiff's subsequent diagnosis of fibromyalgia." (Id.)

However, the ALJ thoroughly discussed all of this evidence (e.g., objective findings through May 2017) in conjunction with determining how much weight to give the medical opinions and, ultimately, in determining plaintiff's RFC. AT 25-27. The ALJ found plaintiff's fibromyalgia, diagnosed in January 2015, to be a severe impairment, and so was not unaware of this condition when weighing the non-examining doctors' opinions. AT 20, 26. As set forth above, the ALJ explained that these opinions (and two others) were generally consistent with plaintiff's record of mild clinical findings, evidence of conservative treatment and improvement, and reported daily activities.[4] AT 28. The court finds no error as to Dr. DeSouza or Dr. Pong.

---

[4] See, e.g., AT 580, 569, 866-867, 1004, 1008, 1021, 1026, 1572, 1582, 1635, 1717-1718 (clinical findings of normal reflexes, sensation, strength, and gait during alleged disability period). As to daily activities, the ALJ wrote (in unchallenged findings) that plaintiff was "substantially independent in self-care. She lives alone and can perform light household chores, including simple cooking, laundry, and cleaning, drive, shop and go out independently." AT 22. The ALJ further noted that plaintiff volunteered weekly to assist with Alzheimer's and dementia patients, volunteered at a nursing home, and independently managed and attended frequent medical

Plaintiff next contends that the ALJ erred in rejecting the opinion of reviewing physician Dr. Lowell Sparks, who testified at the February 2016 hearing before the ALJ. Discussing his opinion, the ALJ wrote:

> Medical expert Dr. Lowell Sparks opined at the hearing held February 25, 2016 that the claimant could lift and carry ten pounds frequently and 15 pounds occasionally. He opined that she could stand and walk for two hours of an eight-hour day; sit for six hours of an eight-hour day. He opined she could not climb ladders, ropes and scaffolds, but other postural activities could be performed occasionally. He found that she could do no overhead reach with the right arm and that she must avoid concentrated exposure to extreme heat, cold and all exposure to hazards (dangerous machinery, unprotected heights etc.).[5]

AT 28.

The ALJ included this opinion in those she accorded "substantial weight" insofar as they showed that plaintiff had "significant capacity to engage in working tasks" (AT 28), but she discounted Dr. Sparks' findings as to plaintiff's ability to lift and carry, stand and walk, and climb ladders, ropes, and scaffolds. AT 28. The decision explained:

> While this medical expert had access and reviewed the full medical record available at the hearing level, he never directly examined, or regularly interacted with the claimant, nor did he fully account for physicians and other medical staff findings that the claimant could embellish her symptoms.[6] There is little to no evidence in the record to support his opinion that she can do no overhead reach with the right arm[7] and that she must avoid concentrated exposure to extreme heat, cold and all exposure to hazards (dangerous machinery,

---

appointments with multiple specialists. AT 22-23.

[5] See AT 128.

[6] In an unchallenged finding, the ALJ concluded that plaintiff was less than fully credible as to the intensity, persistence and limiting effects of her symptoms, and in her allegations of loss of function. AT 25; see also AT 26-27 ("Dr. Sabin noted at a November 14, 2016 [exam], further evidence of inflated response to examination, the claimant reluctant to move her neck, giving an exaggerated pain response" to lifting her shirt or hair for examination of her back and neck), citing AT 1717; see also AT 27 (finding that "[s]ubjective complaints are outweighed by the objective findings in this medical record.").

[7][7] Elsewhere in the decision, the ALJ noted work status forms filled out in 2013 by clinic physicians, who checked boxes indicating that plaintiff could not do repetitive work at or above the right shoulder. AT 28, 853, 858. This is consistent with her finding of "little" evidence in the record to support limitations on right-arm overhead reach.

7

unprotected heights, etc.).

AT 28-29.  These constitute specific and legitimate reasons for rejecting certain of Dr. Sparks' conclusions as to RFC.[8]

Plaintiff next argues that the ALJ erred by discounting certain findings by examining physician Dr. Amster, a Qualified Medical Evaluator who issued opinions in January and May of 2014.  AT 627, 637-639.  Dr. Amster concluded that, due to plaintiff's upper and lower back conditions, she was "precluded from heavy lifting, squatting, stooping, prolonged standing, sitting, kneeling, climbing, twisting, walking on uneven ground or other activities involving comparable physical effort.  She is also precluded from repetitive lifting over 20 pounds."  AT 627.

The ALJ summarized Dr. Amster's examination findings and his opinion as to functional capacity.  AT 25, 28.  While according most of his opinion "substantial weight" and incorporating the 20-pound limit into the RFC, the ALJ wrote:

> Little weight is accorded that portion of Dr. Michael Amster opinion [regarding] prolonged standing, sitting, kneeling, climbing, twisting, walk on uneven ground or other activities involving comparable physical effort.  Dr. Amster did not have full access to the longitudinal record available at the hearing level, which as detailed above, supports a greater capacity in the claimant based on objective findings in recurrent physical examinations and in multiple medical imagery.

AT 29; see AT 27 ("All medical imagery, 2013-2016 of record shows at most mild to moderate degenerative changes of the neck, back, hips/sacrum/pelvis, right elbow and knees.").  The ALJ was tasked with resolving conflicts in the evidence, and she reasonably gave greater weight to the opinions of Dr. DeSouza and Dr. Pong, which she found more consistent with the overall medical record, than certain limitations prescribed by Dr. Amster.  See 20 C.F.R. §§ 404.1527(c)(4) (ALJ

---

[8] Moreover, any error as to Dr. Sparks was arguably harmless.  The ALJ found, based on vocational expert testimony, that plaintiff could perform her past relevant work.  However, even if the RFC was for sedentary work, incorporating the limitations urged by Dr. Sparks, the VE found that someone of plaintiff's age, education, and work experience who was limited to sedentary work could do clerical jobs available in the national economy.  Specifically, the VE testified that plaintiff had skills transferable to the sedentary, semiskilled occupations of data examination clerk (5,936 jobs nationwide) and civil service clerk (17,143 jobs nationwide).  AT 81-83.

8

considers how consistent an opinion is with the record), (6) (ALJ considers how familiar a source is with the record as a whole). Evidence that plaintiff's gait was consistently normal, for example, contrasted with Dr. Amster's assessment that she could not walk for prolonged periods or on uneven surfaces. The court finds no error with respect to Dr. Amster.

Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing residual functional capacity. SSR 96-8p. Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). When assessing RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. §§ 404.1545(a)(4). For the reasons discussed above, the court finds that the ALJ met this burden; and, accordingly, concludes that plaintiff's assessed RFC was adequately explained and grounded in substantial evidence.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 20) is granted; and

3. Judgment is entered for the Commissioner.

Dated: June 12, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/blakely0048.ssi.ckd